IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BENNIE R. ISABELL | § | |
| v. | § | CIVIL ACTION NO. 6:14cv164 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ORDER DENYING PETITIONER'S MOTION FOR INJUNCTIVE RELIEF

The Petitioner Bennie Isabell, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On April 11, 2014, Isabell filed a "motion for injunction order," which was combined with a motion for appointment of counsel. He did not state what he wanted enjoined or the nature of the "injunction order" which he requests; instead, Isabell asserted that he had alleged substantial ineffective assistance of counsel claims, "which this Court should take immediate actions to issue an injunction order for relief within 30 days for good cause therefore is shown."

After review of the pleadings, the Magistrate Judge issued a Report recommending that the request for injunctive relief be denied. The Magistrate Judge observed that even had Isabell explained the nature of the injunction he sought, he did not show a substantial likelihood of prevailing on the merits of his claim or a substantial threat of irreparable injury. Further, inasmuch as the nature of the injunction sought is not clear, Isabell did not show that his requested injunction

1

would not disserve the public interest. *See* Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

In his objections to the Magistrate Judge's Report, Isabell says first that he did not consent to allow the Magistrate Judge to enter proposed findings of fact and recommendations pursuant to 28 U.S.C. §636(b). The Fifth Circuit has held that consent of the parties is not required for a referral to the Magistrate Judge under §636(b). Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002). This objection is without merit.

Second, Isabell complains that the Magistrate Judge attempted to distort the meaning of his motion by "separating the reading of the four pages as a whole which are factual allegations." He says that it was a "manifest injustice" to deny his request for appointment of counsel, the Court should expedite his petition, and the matter should only be denied after a determination on the merits under Fed. R. Civ. P. 65(d). He states that he is elderly and cannot read or write, and is being assisted by another prisoner. He was injured in a fuel fire which disfigured his face, arms, hands, and fingers, and the complexity of the case requires assistance of counsel.

Isabell goes on to assert that he is actually innocent, counsel rendered ineffective assistance, the prosecutor committed misconduct. He states that the appointment of counsel to represent him will serve the public interest by shortening any trial and assisting a just determination.

Isabell's objections appear to indicate that the injunctive relief he wants is the appointment of counsel, which is not a matter requiring the issuance of an injunction. He does not set out any other type of injunction that he wants issued, nor show that he is entitled to injunctive relief. Isabell's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's motions for injunctive relief, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 11) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for an "injunction order," contained within docket no. 8, is hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 6th day of June, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE